# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### ORANGEBURG DIVISION

| | |
|---|---|
| TRESSA R. GLOVER-PARKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:04-22938-JFA-BM |
| ) | |
| v. ) | |
| ) | |
| ROGERS, TOWNSEND AND ) | **REPORT AND RECOMMENDATION** |
| THOMAS, ORANGEBURG ) | |
| CONSOLIDATED SCHOOL ) | |
| DISTRICT FIVE, WACHOVIA, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, against forty-one (41) separate Defendants. It is not readily apparent, however, exactly what Plaintiff's claim is. Plaintiff talks in her Complaint about a judgment filed against her by CitiFinancial (apparently relating to a mortgage foreclosure), as well as a Chapter 13 bankruptcy filing Plaintiff submitted in July 2004. Plaintiff has also submitted a copy of an administrative complaint she filed with the South Carolina Human Affairs Commission (SCHAC), complaining of sex discrimination and unlawful retaliation. However, the gravamen of her claim appears to relate to a financial dispute resulting in the aforementioned mortgage foreclosure.

Since Plaintiff paid the full filing in this case, the Clerk was directed to issue summons in the case, with Plaintiff being responsible for service of process. However, in a Report and Recommendation filed January 7, 2005, Plaintiff was specifically warned that, because her



1

pleading contains nothing more than a "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies", it may be subject to dismissal under Rule 8(a), Fed.R.Civ.P.   Suffice it to say that Plaintiff's filings since the entry of that Report and Recommendation have only served to make her case more confusing than it was previously.

Several Defendants have now filed motions to dismiss.  See Court Document Nos. 13, 15, 18, and 23. The Defendant Rogers, Townsend and Thomas (a law firm) has moved to dismiss under Rule 8(a), Fed.R.Civ.P., arguing that Plaintiff's Complaint fails to set forth a plain statement of her claim and the grounds upon which she is entitled to any relief, as well as pursuant to Rule 12(b), Fed.R.Civ.P., and 11 U.S.C. § 541.   This Defendant also specifically notes, inter alia, that Plaintiff is in bankruptcy (Case No. 04-08700-WB), that Plaintiff's Complaint contains claims that belong to her bankruptcy estate, and that the proper forum for redress of any claims Plaintiff may have against this Defendant based on its filings in that case is the bankruptcy court.   In a separate motion to dismiss, the Defendant Wachovia seeks dismissal on essentially the same grounds. Numerous other Defendants[1] have also filed a motion to dismiss, again on Rule 8(a) grounds, as well as pursuant to Rule 12(b).  Finally, the Defendant CitiFinancial Mortgage Company has filed a motion to dismiss on Rule 8(a) grounds, as well as on the ground that, to the extent Plaintiff is complaining about the mortgage foreclosure on property she owned near the Town of Wolfton in Orangeburg County, any such claim is barred under the Rooker-Feldman Doctrine.[2]

---

[1] These Defendants are as follows: Orangeburg Consolidated School District Five, Nancy Ford, Tommy Brown, Russell Zimmerman, Mike Taylor, Pam Rijo, Charlie Spell, Brenda Goodwin, Rona Ellis, Verneta P. Guess, Melvin Smoak, John Rickenbaker, Taphnie Berry, Laviesha Frazier, Wanda McMichael, Susan Yoakum, and Greg Carson.

[2] Under this well established doctrine, the proceedings and rulings made by a state court cannot be reviewed or set aside by this Court. See District of Columbia Court of Appeals v.



As the Plaintiff is proceeding pro se, Roseboro orders were entered by the Court advising Plaintiff of the importance of these dispositive motions, and of the necessity for her to file adequate responses. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motions may be granted. Plaintiff thereafter filed responses on April 22, 2005 and May 17, 2005, following which a reply memorandum was filed by one of the Defendants (CitiFinancial Mortgage Company, Inc.) on May 23, 2005. Plaintiff has also filed her own motion, styled "motion to dismiss illegal and fraudulent motions and documents filed by the Defendants". An affidavit has been submitted by some of the Defendants in response to this motion. An answer has also been filed in this case (by the Defendant South East Title Services, Inc.), while it is unclear whether the remaining Defendants have ever been served with process.

In the material Plaintiff has filed in opposition to the motions to dismiss she makes several unusual and bizarre statements, such as that the Defendant Rogers, Townsend and Thomas has falsified letterhead to appear to be that of the United States District Court, that she has retained various attorneys to represent her in this action (no attorney has made an appearance on Plaintiff's behalf in this case, and in fact the Court has received notice from at least two attorneys that they are specifically *not* representing the Plaintiff), that the claims and arguments made by Rogers, Townsend "are to be ignored", and that the pendency of her bankruptcy case "is irrelevant", even though she acknowledges that "[a]ll property was acquired before the filing of [that] case." Plaintiff

---

Feldman, 460 U.S. 462, 476-82 (1983) [a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. See, e.g., Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991).



3

further argues that the attorney who filed the motion to dismiss on behalf of the Defendant CitiFinancial Mortgage Company does not really represent CitiFinancial, that some of the attorneys who have appeared in this action are doing so for improper motives (i.e., "personal payment"), that the Defendant South East Title Services has provided incorrect or fraudulent information to the U.S. Bankruptcy Court, that the Defendants are creating fraudulent documents and are falsifying signatures on documents, that the various Defendants who are employees of Orangeburg Consolidated School District Five are slandering and defaming her, that the School District has created falsified police reports, that her employment problems are somehow related to a burglary or home invasions at her residence, and that she has had to undergo medical treatment for exposure to chemicals which required her hospitalization in October 2004 for "organic psychosis."

## **Discussion**

After careful consideration of the memoranda submitted as well as the other filings in this case, the undersigned finds and concludes that not only should the pending motions to dismiss be granted as to these Defendants, but that this case should be dismissed as to all Defendants, in toto, without prejudice. The undersigned is constrained to agree with the Defendants who have filed motions to dismiss that Plaintiff's pleading and filings fail to comply with the requirements of Rule 8(a), which provides in relevant part:

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

In the Report and Recommendation issued in this case on January 7, 2005, Plaintiff was specifically placed on notice that her Complaint failed to comply with the requirements of Rule 8(a). However,

4



Plaintiff has not only failed to clarify her claims in this case, but her subsequent filings have only resulted in further confusion. While it is apparent that Plaintiff is attempting to contest in this federal court a mortgage foreclosure which was consummated in state court, it is difficult to discern the nature or gravamen of any remaining claims she may be pursuing.

In dismissing a complaint pursuant to Rule 8(a), the Court in <u>Brown v. Califano</u>, 75 F.R.D. 497 (D.D.C. 1977), stated:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has the plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R. Civ. P. 8(a).

Such is the case here. <u>See</u> also <u>United States ex rel. Garst v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003) ["Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"]; <u>North Carolina v. McGuirt</u>, 114 Fed.Appx. 555, 558-559 (4th Cir. Nov. 17, 2004) (unpublished); see also <u>Vander Linden v. Williams</u>, 128 F.Supp.2d 900, 906 (D.S.C. 2000).

In sum, with respect to Plaintiff's attempt to overturn the foreclosure of her mortgage in state court, the undersigned agrees that any such action in this Court is barred by the <u>Rooker-Feldman</u> Doctrine. As for the remainder of Plaintiff's claims, the undersigned is simply unable to figure out what those claims are, or what it is specifically that Plaintiff wants done. Indeed, while the Defendants who have filed motions to dismiss argue that this case should be dismissed with prejudice, the undersigned is recommending that dismissal be without prejudice specifically because it would be unclear exactly what claims were being dismissed with prejudice if a dismissal with

5



prejudice were entered.

Finally, the undersigned notes that only one Defendant who has made an appearance in this case has not filed a motion to dismiss, that being the Defendant South East Title Services, Inc. This Defendant instead filed an answer. Nevertheless, in its answer this Defendant asserts entitlement to relief on the same grounds as have been set forth by the other Defendants in their motions to dismiss. With respect to the remaining twenty (20) Defendants who have not made an appearance in this case, there is no evidence that any of these Defendants has ever been served with process. Hence, even if this case were not to be dismissed in toto on the grounds set forth hereinabove, these remaining Defendants would be entitled to dismissal under Rule 4(m), Fed.R.Civ.P.[3]

## Conclusion

While a federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where

---

[3]Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant…provided that if the Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period." Here, the time for service began to run on November 11, 2004, and the one hundred and twenty (120) day period for service provided by Rule expired on March 11, 2005. Therefore, unless Plaintiff has made proper service on the remaining Defendants, they are subject to dismissal. While the undersigned would normally allow Plaintiff a grace period to provide the Court with proof of service, or present good cause to the Court for any failure to serve these Defendants, it is not necessary to do so in this case due to the recommendation for dismissal set forth hereinabove.

6



none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, Plaintiff was warned in the Report and Recommendation entered in this case in January 2005 that her pleadings were deficient and subject to dismissal under Rule 8(a), and Plaintiff was further put on notice of this fact by the assertion of this ground for dismissal of her case by the Defendants who filed motions to dismiss. As noted, Plaintiff not only failed to clarify her claims, but through her filings has made them more confusing.

Based on the foregoing, it is recommended that the Plaintiff's motion to dismiss be **denied,** and that the Defendants' motions to dismiss be **granted.** It is further recommended that to the extent Plaintiff is contesting the results of her state mortgage foreclosure action, that this claim be **dismissed** with prejudice, and that any and all remaining claims which Plaintiff is or may have been attempting to assert in this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 17, 2005

7

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

8

