UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tressa R. Glover-Parker, ) | C/A No.5:04-22938-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| Orangeburg Consolidated School District ) | |
| Five, Orangeburg County Tax Assessors ) | |
| Office, CitiFinancial Mortgage Co. Inc., ) | |
| Rogers, Townsend, and Thomas, Wachovia, ) | |
| County of Orangeburg, South East Title ) | |
| Services Inc., Narborough, Hutto and Jackson, ) | |
| Ronnie Hutto, Caldwell Banker Realtors, ) | |
| Albemarle Corporation, Nancy Ford, John ) | |
| Cunningham, Tommy Brown, Russell ) | |
| Zimmerman, Mike Taylor, Pam Rijo, Charlie ) | |
| Spon, Brenda Goodwin, Jeffrey Mary Westford, ) | |
| Brenda Cunningham, Ron Ellis, Verneta P. ) | |
| Guess, Melvin Smoak, Charles Berry, John ) | |
| Rickenbacker, Virgil Jacobs, Megan Rivers, ) | |
| Chris A. Schuler, Tim Jennings, Taphnie ) | |
| Berry, Laviesha Frazier, Darren Smith, Wanda ) | |
| McMichael, Charmaine Berry, Bobby Rivers, ) | |
| Susan Yoakum, Greg Carson, Lt. Jerome ) | |
| Folder, Harry Mims, and Marcy Mims, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("the report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

The magistrate judge makes only a recommendation to the Court, to

1

> which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The United States Magistrate Judge has filed a report and recommendation suggesting that the motions to dismiss by the defendants be granted with respect to all claims against all defendants. Specifically, the Magistrate Judge recommended dismissing the plaintiff's claim arising out of a mortgage foreclosure on property she owned in Orangeburg County with prejudice, because it is barred by the *Rooker-Feldman* Doctrine, which prevents a federal district court from reviewing final determinations of state or local courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Magistrate Judge recommended dismissing any remaining claims without prejudice for failure to comply with Rule 8(a)'s requirement that the pleadings set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

Both parties were apprised of their rights to file objections to the report and

recommendation. The plaintiff filed documents with the court on August 18, 2005 and September 8, 2005. While it is unclear whether these documents were intended to serve as objections, the court has reviewed them in their entirety as such. In addition, the document filed on September 8, 2005 appears to respond to a motion to dismiss filed by defendant Albemarle Corporation on August 23, 2005, which will be discussed below.

In light of the standard set out above, the Court has reviewed the report and the objections thereto and finds that the report is proper. It is therefore ordered that the report be accepted and that the motions to dismiss be granted. The Report and Recommendation is hereby adopted as the order of this court. The action will be dismissed for the reasons set forth by the Magistrate Judge and for the additional reason set out below.

The defendant, Albemarle Corporation, has filed a motion to dismiss asserting a separate ground. Specifically, the plaintiff has filed for Chapter 13 bankruptcy and thus, she lacks standing to sue. Under this theory, any and all claims which the plaintiff may wish to assert are actually assets of the bankruptcy estate and, therefore, may only be asserted in the bankruptcy court at the discretion of the bankruptcy trustee. Accordingly, the defendant argues that the plaintiff's case should be dismissed. While the plaintiff responded to this motion to dismiss on September 8, 2005, she did not specifically address this argument, despite being requested to provide additional information on this issue in the court's August 25, 2005 *Roseboro* order. In her response, the plaintiff merely stated, "The Plaintiff's economic status and Chapter 13 Bankruptcy case are irrelevant to the filings against the defendant, Albemarle Corporation. The Plaintiff's Chapter 13 Bankruptcy filing

was a means of protecting the plaintiff's assets from the defendants who were alleging nonexistent organizations possessed an interest." Doc. # 42, at 3. In making this assertion, the plaintiff misconstrues Albemarle's argument. While the claim plaintiff wishes to assert against a specific defendant may be unrelated to her bankruptcy case, that claim remains an asset of the bankruptcy estate, rather than an asset of the plaintiff herself. Thus, the plaintiff lacks standing to pursue claims while she is in bankruptcy. Therefore, even if the plaintiff had complied with Rule 8(a) in this case, any claims she may have would be dismissed without prejudice because these claims could only be brought at the discretion of the bankruptcy trustee and not the plaintiff herself.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

October 11, 2005
Columbia, South Carolina